UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KRISHNASWAMI SRIRAM, M.D.,           )
                                      )
                    Plaintiff,        )
                                      )
     vs.                              )    06 C 5738
                                      )
MICHAEL O. LEAVITT, SECRETARY         )
OF THE DEPARTMENT OF HEALTH           )
AND HUMAN SERVICES,                   )
                                      )
                    Defendant.        )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before this Court on the parties' cross-motions for summary judgment. For the following reasons, the motion of Defendant Michael O. Leavitt, Secretary of the Department of Health and Human Services (the "Secretary")'s is granted and Plaintiff Krishnaswami Sriram, M.D.'s motion is denied.

## BACKGROUND

On September 19, 2002, Sriram pled guilty to mail fraud, health care fraud, and making false statements on his income tax returns. In his plea agreement, Sriram admitted to a scheme to defraud Medicaid and Medicare by making claims for services not provided, including services provided to dead patients, services provided on days

Sriram was not in the United States, services provided to more than 100 patients per day and services that, if provided, would have required Sriram to have worked in excess of 24 hours a day. Sriram also admitted to falsifying diagnoses and records, as well as to concealing his ongoing fraud. On April 28, 2005, the district court sentenced Sriram to five years' probation, ordered him to perform community service, and required him to pay restitution in the amount of $1,258 to the United States Department of Health and Human Services ("HHS"). While the instant motions for summary judgment were being briefed, the Seventh Circuit reversed the judgment against Sriram and remanded for resentencing, holding that the sentence was too low for the large scale fraud to which Sriram had admitted, and that at the very least, Sriram's acts had cost the government $1.4 million.

Sriram's lawsuit arises from a consequence of his conviction: on September 30, 2005, HHS sent Sriram a letter advising him that because of his conviction, he would be excluded as of October 20, 2005, from participation in Medicaid, Medicare, and all other federal health care programs for a minimum period of five years. On November 30, 2005, Sriram requested a hearing before the HHS Departmental Appeals Board ("DAB") to contest the exclusion. The administrative law judge affirmed HHS's decision on June 21, 2006, holding that Sriram's conviction constituted a proper basis for exclusion, that exclusion was mandatory and that the period of exclusion was not

excessive or unreasonable. Sriram appealed the ALJ's decision, and when the DAB declined review, Sriram filed suit in this Court.

## LEGAL STANDARD

We have jurisdiction to review the HHS's decision pursuant to sections 205(g) and 1128(f)(1) of the Social Security Act ("the Act"), *codified at* 42 U.S.C. § 405(g) and § 1320a-7(f)(1), which permit an individual to obtain judicial review of the Secretary's decision concerning exclusion from federal health care programs. As HHS's DAB has declined to review the ALJ's decision, we review the ALJ's decision as the final decision of the agency. *Haynes v. Barnhart,* 416 F.3d 621, 626 (7th Cir. 2005). Under § 405(g), the ALJ's findings of fact are conclusive so long as they are supported by substantial evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). Although we defer to the agency's factual findings, we review the ALJ's legal conclusions *de novo* and will set aside an agency decision if it is legally erroneous. *Id.*; *Haynes*, 416 F.3d at 626.

## DISCUSSION

At issue is HHS's decision, affirmed by the ALJ, to exclude Sriram from participation in Medicare, Medicaid, and all other federal health care programs for a period of five years beginning October 20, 2005, due to his convictions for defrauding Medicaid and Medicare. HHS issued its exclusion decision pursuant to section

1128(a)(1) of the SSA, *codified at* 42 U.S.C. § 1320a-7(a)(1). The ALJ affirmed the HHS's decision, holding that as there was no question of fact concerning Sriram's convictions for mail and health care fraud in connection with a federal health care program, Sriram's exclusion from all Federal health care programs pursuant to section 1128(a)(1) for the statutory minimum of five years was mandatory. Further, the ALJ held that neither he nor HHS could take into account the lenient sentence imposed on Sriram because no *de minimis* or equitable exception to the statute existed.

Sriram does not dispute that his convictions related to the delivery of services to Medicare and Medicaid recipients. Instead, he contends that the HHS and the ALJ erred in interpreting section 1128(1). According to Sriram, section 1128(1) does not require mandatory exclusion where extraordinary and equitable factors exist in mitigation. Sriram initially argued that the lenient nature of the sentence imposed upon him, including the fact that he was only required to repay $1,258, meant that his violations were *de minimis* and should not have been punished by exclusion for five years. However, after the Seventh Circuit's remand for resentencing, Sriram appears to have abandoned his contention that HHS may take equitable factors into account before imposing exclusion pursuant to section 1128(1). Instead, Sriram presses his second claim, that the minimum five-year exclusion should be interpreted to have commenced on April 30, 2001, the date upon which Sriram was first ordered by two

courts in this District to cease practicing medicine.[1]  Sriram argues that this retroactive application is warranted given HHS's failure to issue a notice of exclusion promptly upon learning that he had been ordered to cease the practice of medicine.  He claims that the government has engaged in a pattern to unlawfully coerce him into relinquishing the practice of medicine.  The Secretary, for his part, urges affirmance, arguing that exclusion, a mandatory administrative and remedial measure separate from any criminal proceeding, was imposed consistent with the evidence and pursuant to the law.

Our review of HHS's interpretation of section 1128 of the Act begins with the plain text of the statute, which we examine under the two-step analysis set out in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  *E.g., Wood*, 246 F.3d at 1029.  First, if "Congress has directly spoken to the precise question at issue," we interpret the statute consistent with Congress's "unambiguously expressed intent." *Id.* at 842-43.  If the statute is silent or ambiguous with respect to the

---

[1] While HHS has excluded Sriram from participating in Federal health care programs for five years, Sriram's court-ordered restrictions are broader than the exclusion imposed upon him by HHS.  As a condition of his bond in his criminal case, Sriram was ordered to cease practicing medicine.  The court in an ongoing civil False Claims Act case, in which Sriram is also a defendant, also enjoined Sriram from practicing medicine.

issue, we determine whether or not the agency's interpretation "is based on a permissible construction of the statute." *Id.* at 843.

Sriram's first alleged ground of error, that the Act permits HHS and the ALJ to consider the allegedly small amount of fraud he committed against the government, is wholly unsupported by the text of the statute. Congress could not have made its intent plainer with respect to the grounds for exclusion from participation in Federal health care programs. Section 1128(a)(1) of the Act is entitled "Mandatory Exclusion" and provides that the Secretary of HHS "shall exclude" an individual from participation in any Federal health care program if that individual "has been convicted of a criminal offense related to the delivery of an item or service" under the Medicare program. 42 U.S.C. § 1320a-7(a)(1). The "minimum period of exclusion under section 1128(a) is five years." § 1320a-7(c)(3)(B). By entitling the section "mandatory exclusion," and by commanding that the Secretary "shall exclude" individuals convicted of health care fraud, and by setting a "minimum" five year exclusion, Congress has made clear that the Secretary possesses no discretion with respect to imposing exclusion upon individuals convicted of fraud in connection with the delivery of services to Medicare recipients. Furthermore, a "conviction" triggering exclusion under the statute contains no exception for *de minimis* offenses. Instead, where there is a judgment, a finding of guilt, a plea, or a court-ordered arrangement or program in lieu of judgment, an

individual is considered "convicted" within the meaning of the statute. § 1320a-7(I). In fact, an individual is considered "convicted" even if his or her record has been expunged or the case is on appeal. *Id.* Accordingly, the ALJ did not err in upholding the decision to exclude Sriram and by refusing to take into account whatever equitable or *de minimis* arguments Sriram offered HHS in an effort to avoid mandatory exclusion.

As the Seventh Circuit's reversal of his judgment and sentence has eviscerated Sriram's argument that his offenses were *de minimis*, Sriram devotes his reply in support of summary judgment to his second alleged ground of error - his argument that HHS unreasonably delayed imposing an exclusion upon him by waiting until after he was sentenced. Sriram argues that, as a consequence of HHS's dilatory conduct, his exclusion should be considered to have begun running on the day that he first was ordered by courts in this District to cease practicing medicine.

We will not consider this argument, as Sriram expressly waived it in the proceedings in front of HHS. In his reply brief before the ALJ, Sriram stated that after having reviewed the relevant decisional authority, "based on such authority, and in a desire to demonstrate forthrightness to the ALJ, petitioner does not persist herein in his request that the effective date of any exclusion be made retroactive to the actual date." Instead, Sriram argued only that the punishment was excessive for what he contended

were *de minimis* violations. Consistent with Sriram's withdrawal of this argument, HHS did not address it in its reply in the administrative proceeding, nor did the ALJ address it in his decision.

Having affirmatively and explicitly withdrawn this argument while in front of the ALJ, Sriram cannot now resuscitate it for presentation to this Court. First, HHS's own regulations prohibit review of issues not raised before the ALJ. 42 C.F.R. § 1005.21(e). Second, concerns for orderly procedure, the maintenance of the validity of administrative remedies, and common principles of fairness undergird the rule, oft-stated by the Supreme Court, that "courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952); *Myron v. Chicoine*, 678 F.2d 727, 732 (7th Cir. 1982). As the proceeding concerning Sriram's exclusion was adversarial, the case is even stronger for imposing waiver of arguments not raised below. *Sims v. Apfel*, 530 U.S. 103, 110 (2000). Accordingly, we will not address Sriram's contention that HHS should have imposed a retroactive exclusion upon him or that HHS delayed in imposing any exclusion at all.

## CONCLUSION

For the foregoing reasons, Sriram's motion for summary judgment is denied. The motion of the Secretary of the Department of Health and Human Services for summary judgment is granted.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated:   June 14, 2007